IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIZABETH EMMENS,
CORY AHRENS, HEATHER
NORDQUIST, CASA DEL
OSO SF, LLC, CORY SHIRK,
DIANA OLIVAR, LUNA
VISTA, LLC, EL SAGRADO, LLC
and CHARLES "TREY"
CORKERN, III
        Plaintiffs

v.

THE SANTA FE COUNTY BOARD OF
COMMISSIONERS and PENNY ELLIS
GREEN, in her official capacity as the Santa Fe
County Growth Management Director
        Defendants

CIVIL ACTION NO. 1:23-cv-00588-KK-JFR

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO DISMISS IN LIEU OF ANSWER**

NOW COME Plaintiffs Elizabeth Emmens, Cory Ahrens, Heather Nordquist, Casa del Oso SF, LLC, Cory Shirk, Diana Olivar, Luna Vista, LLC, El Sagrado, LLC, and Charles "Trey" Corkern, III, who submit the following brief in opposition to Defendants' Motion to Dismiss. For the reasons set forth below, Plaintiffs request that this Court deny Defendants' Motion to Dismiss in its entirety.

**STATEMENT OF FACTS AND
PROCEDURAL POSTURE**

In response to Defendants' Motion, Plaintiffs have previously filed a Notice of Voluntary Dismissal of Claims Against Certain Defendants, dismissing all claims against Defendant Santa

Fe County, as well as Defendants Anna Hansen; Hank Hughes; Justin Greene; Anna Hamilton; and Camilla Bustamante, in their official capacities as elected County Commissioners, without prejudice. Defendants The Santa Fe County Board of Commissioners and Penny Ellis Green, in her official capacity as the Santa Fe County Growth Management Director, remain Defendants in this case. Plaintiffs have also previously filed a First Amended Complaint for Preliminary and Permanent Injunctive and Declaratory Relief, with affidavits from each Plaintiff attached as an Exhibit, in response to Defendants' Motion, expounding upon and clarifying the facts and claims asserted in their Original Complaint. Plaintiffs contend that these two filings have rendered at least portions of Defendants' Motion moot.

Plaintiff's complaint states several claims upon which relief may be granted. The facts and history behind the County's Short Term Rental ("STR") Ordinance and how it ties in to the Sustainable Land Development Code ("SLDC") has been adequately described in Plaintiffs' Amended Complaint. The Amended Complaint also includes affidavits from each of the Plaintiffs, including from the individual owners of the LLC Plaintiffs, which in great detail describe their personal experiences navigating the STR Ordinance, the SLDC, and the other codes and ordinances that are tied in to the STR Ordinance and which have been weaponized against STR owners in an illegal, unconstitutional, discriminatory and unequal manner. Moreover, many of the "facts" described in Defendants' Introduction to their Motion are incorrect or, at the very least, not fully truthful.

The Defendants' Introduction states that STRs were added to the Business Registration and Licensing Ordinance as a category of business. While this is factually true, as will be discussed in our Argument below, this is contrary to New Mexico law. The Introduction mentions the STR Ordinance contains the Board's series of findings indicating their reasoning

behind the STR Ordinance, though the Board and Defendant Penny Ellis Green repeatedly stated in public hearings that they did not have any information or data to support these findings. Defendants further contend that STRs are only allowed on a property that is a Legal Lot of Record and within a dwelling legally recognized under the SLDC, but fails to mention how this is an illegal retroactive enforcement of the SLDC which ignores, and is contrary to, the Existing Building Code ("EBC") which the SLDC is made subject to. The EBC grandfathers in dwellings and structures built prior to 2016, regardless as to whether or not owners can produce the original building permits. Defendants are willfully ignoring this provision within the EBC and instead have been telling owners that in order to qualify for an STR permit; they must tear down casitas on their property that existed when they purchased the property and were built long before 2016 because they do not conform to the 2016 SLDC requirements. The Introduction discusses other provisions of the STR Ordinance that result in unequal treatment with other residential dwellings in the County.

Defendants further contend that Plaintiffs are challenging a valid exercise of traditional municipal powers to regulate businesses and land use, but fail to mention that Santa Fe County has not been granted Home Rule status and, in many cases, is acting without authority and contrary to New Mexico State Law. Finally, Defendants contend that the injunction the Plaintiffs seek would alter the status quo and that Plaintiffs cannot make a showing of irreparable harm. As just one example to the contrary, Plaintiffs Elizabeth Emmens and Cory Ahrens, as discussed in their affidavit attached to the Amended Complaint, have not been awarded a Business License or permit for their STR and will not qualify for one as they would have to demolish one of their casitas, clear cut innumerable trees and landscaping on their property, acquire a new street address, and other egregious requirements due to the weaponization of the SLDC and other

codes and ordinances. Furthermore, a Business License or permit to operate an STR must be renewed annually. Each of the Plaintiffs in this case can make a showing of irreparable harm and ca show a substantial likelihood of success on the merits, as will be further discussed below. Defendants appear to state that because many similar ordinances have been upheld throughout the country, that Plaintiffs do not have a substantial likelihood of success on the merits. As will be discussed below, many less egregious and unlawful STR ordinances have been struck down throughout the country as well.

## STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion asserting a failure to state a claim upon which relief can be granted, a Court must accept all well-pleaded allegations as true and must view them in a light most favorable to the plaintiff. Zinermon v. Burch, 494 U.S. 113, 118 (1990). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and formulaic recitation of the elements of a cause of action. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a 12(b)(6) motion to dismiss, a complaint does not need to include detailed factual allegations, but "factual allegations must be enough to raise a right to relief above the speculative level." Id. In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir. 2009).

**ARGUMENT**

Plaintiffs concede the arguments made by Defendants in Sections I and II of their Argument and, as stated above, have previously filed a Notice of Voluntary Dismissal of Claims Against Certain Defendants, dismissing all claims against Defendant Santa Fe County, as well as Defendants Anna Hansen; Hank Hughes; Justin Greene; Anna Hamilton; and Camilla Bustamante, in their official capacities as elected County Commissioners, without prejudice. Defendants The Santa Fe County Board of Commissioners and Penny Ellis Green, in her official capacity as the Santa Fe County Growth Management Director, remain Defendants in this case.

**III.** Plaintiffs request for a preliminary injunction should be granted. Plaintiffs are seeking to enjoin the STR Ordinance from being enforced pending the outcome of the case, and the SLDC from being illegally implemented unequally, discriminatorily, and unlawfully against STR owners in the manner described in their Amended Complaint and in their affidavits attached to the Amended Complaint as Exhibit A. Plaintiffs have demonstrated in their Amended Complaint that they have made a strong showing both with regard to their likelihood of success on the merits and with regard to the balance of harms. The moratorium on granting licenses to non-owner occupied STRs have harmed Plaintiff, El Sagrado, LLC, as described in the Goldberg's affidavit, by lowering the value of the dwelling it owned and which was under contract to sell to an out of state buyer who planned to rent it as a non-owner occupied STR. Similarly, each Plaintiff's property has been devalued by the moratorium as the ability to rent as an STR is taken into consideration in appraisals and can help to offset the expense of purchasing a property in Santa Fe County. The out of state Plaintiffs are also banned from purchasing additional properties to rent as non-owner occupied STRs during the course of the moratorium.

Furthermore, licenses are only effective for one year and must be renewed annually. Defendants can extend the moratorium well beyond one year, as similar moratoriums in other jurisdictions have been extended, and there is no guarantee of the out of state Plaintiffs having their licenses renewed.

STR licenses and registrations can also be revoked by failure to comply with arbitrary, illegal and unconstitutional requirements within the STR Ordinance and the SLDC other than the moratorium, such as arbitrary occupancy limits, failure to clear cut trees and landscaping in and around their properties. Plaintiffs Elizabeth Emmens and Cory Ahrens have not been granted their permits to open their STR because of the manner in which the SLDC, as incorporated by the STR Ordinance and its permitting process, has been illegally and retroactively applied to their owner occupied STR properties, as outlined in their affidavit attached to the Amended Complaint. Even the Plaintiffs who were ultimately granted their permits, registrations, and licenses had experienced a long, painful, expensive process, including violations of their protected Constitutional rights, as described in the Amended Complaint, prior to receiving them. The granting of these permits, registrations, and licenses seems to be unusually arbitrary. Suspiciously, many of the Plaintiffs, after being denied, told to demolish buildings and pour concrete down shower drains, having their properties illegally searched, told their properties were not a legal lot of record and not in compliance with the 700 page SLDC, having to cancel contractual obligations with renters due to the uncertainty and insecurity of their status, as described in their respective affidavits, suddenly were granted their appropriate permits after it became known that they would be or were Plaintiffs in this suit. And each Plaintiff in this case will have to go through this process annually if they expect to renew their permits to operate their STRs.

Defendants argue that under the STR Ordinance, all that an owner needs to do to continue renting their STR is to apply for a Business Registration or a Business License. This oversimplified statement fails to mention what it takes, what occurs, and what an STR owner is subjected to by the County once they make that application. Those facts are fully described in the Amended Complaint and in the affidavits attached as Exhibit A to the Amended Complaint. Plaintiffs have made a strong showing of their likelihood of success on the merits.

Furthermore, Plaintiffs have demonstrated that the balance of harms is in their favor. Defendants argue that because the Ordinance was enacted for the benefit of the public, the public will necessarily suffer if this Ordinance is enjoined. Are STR owners in the County not members of the "public"? Defendants' Motion fails to explain what the benefits to the public are, or how the public will suffer. The revenue made by the County off of the 358 STRs in the County is in the millions of dollars which, if utilized wisely, is a substantial benefit to the public. Plaintiffs, whose STR dwellings account for 1.1% of the dwellings in the County, have been subjected to, are still be subjected to, and will continue to be subjected to the illegal, unequal, discriminatory, unconstitutional, egregious overreach by Defendants as described above, and in the Amended Complaint and its Exhibit, that similarly situated private property owners in the County (the rest of the "public") are simply not subjected to. Plaintiffs, through the facts described in its Amended Complaint and Plaintiffs' affidavits, have demonstrated both a likelihood of success on the merits and that the balance of harm is in their favor, their request for a preliminary injunction should be granted, and Defendants' Motion should be denied.

**IV.** The moratorium on granting Business Licenses to non-owner occupied STRs interferes with interstate commerce and violates the dormant Commerce Clause on its face. Not only does the Ordinance treat owner occupied and non-owner occupied STRs differently, but it treats in

state potential STR owners (those more likely to be owner occupied) differently from out of state STR owners. Furthermore, each of the out of state Plaintiffs, as well as Heather Nordquist who resides in Albuquerque, but operates a non-owner occupied STR in the County, have standing to make this claim. Moreover, Defendants are well aware that non-owner occupied STRs are, by a very large margin, owned and operated by out of state owners, and out of state owners who purchase properties in the County to rent as STRs are, by a very large margin, doing so to rent as non-owner occupied STRs. Members of the Board have referred to such owners in public meetings as "outsiders" and "Texans".

Each of the out of state Plaintiffs were considering increasing their investment in Santa Fe County by purchasing more property to rent as non-owner occupied STRs. Therefore, they each have standing to bring this claim regardless of whether they have their Business Licenses for their current non-owner occupied STRs or that they purchased their current properties prior to the moratorium taking in effect. As they are more likely to purchase STR properties as non-owner occupied, they are banned from doing so while the moratorium is in effect. By the very fact that they live out of state, they each have standing to bring the claim.

Plaintiff Heather Nordquist, who resides in state in Albuquerque, but operates a non-owner occupied STR in the County, also has standing to make this claim. The United States Supreme Court has held that there is no requirement that a plaintiff be an out of state resident in order to contest a law as discriminating against interstate commerce. *General Motors Corp. v. Tracy*, 519 U.S. 278, 286 (1997).  An in-state plaintiff has standing to challenge state regulations primarily targeted at out of state conduct, if said plaintiff is barred from engaging in commerce with out of state residents.  *Id.*  Short term rentals are advertised and rented to people residing in different states all over the country. Like the out of state Plaintiffs, Nordquist is barred from

turning another property into a non-owner occupied STR during the moratorium. As STRs are advertised and rented to people living in other states all over the country, Nordquist has standing to bring this claim.

Finally, Plaintiff El Sagrado, LLC has standing to bring the claim, as the Ordinance forced its owners to sell its property at a considerable loss in order to recoup their costs from purchasing and renovating it when they were denied a permit or Business License to rent it as a non-owner occupied STR. The out of state buyer planned to purchase the property to rent as a non-owner occupied STR, but ultimately balked at the appraised value and price of the building because it would be purchased after the moratorium took effect. As the ability to rent as an STR was taken into account for the appraisal and selling price of the property, the property had been devalued, and El Sagrado, LLC was forced to sell the property for $500,000.00 less than what it was appraised for before the Ordinance took effect.

The Ordinance, by placing a moratorium on non-owner occupied STRs interferes with interstate commerce on its face and should be scrutinized strictly. In *Hignell-Stark v. City of New Orleans*, 46 F.4th 317, 321 (5th Cir. 2022), the 5th Circuit considered a substantially similar STR Ordinance wherein the plaintiffs made a dormant commerce clause challenge to the ordinance's provision, which stated that no person could obtain an STR license unless the property was also the owner's primary residence. The court stated that "the homestead requirement discriminates on its face against out of state property owners. The City doesn't just make it more difficult for them to compete in the market for STRs … it forbids them from participating all together". *Id.* at 326. The court held that because the homestead requirement facially discriminated against interstate commerce, it was thus *per se* invalid unless the defendant could prove that it "advances a legitimate local purpose that cannot be adequately served by reasonable non-discriminatory

alternatives." *Id.* at 328. The court further determined that the defendant's proffered interests, preventing nuisances, promoting affordable housing, and protecting the character of neighborhoods, could be adequately served by other non-discriminatory alternatives. *Id.* at 329. The defendant in *Hignell-Stark* argued, as Defendant does in their Motion, that the requirement that the owner of the STR must live in the residence, discriminated against in-state owners as well as out of state owners and treats them the same. *Id.* at 327. The court held that even if the City's justifications are true, the "purpose of, or justification for, a law has no bearing on whether it is facially discriminatory." *Id.* And though the residency requirement also discriminates against in-state owners as well as out of state owners, "none of that matters because local ordinances that discriminate against interstate commerce are not valid simply because they also discriminate against intrastate commerce." *Id.* The court further held that regardless of the reasoning behind these motivations, "the STR Ordinance indisputably discriminates against out of state and out of city residents for the benefit of in city residents on its face. *Id.* at 326.

Similar to the New Orleans ordinance in *Hignell-Stark*, the County's STR Ordinance, and specifically its moratorium on non-owner occupied, or on properties that are not the owner's "primary residence", discriminates against interstate commerce on its face. Therefore, the moratorium on non-owner occupied STRs is *per se* invalid unless Defendants can prove that it advances a legitimate local purpose that cannot be adequately served by reasonable non-discriminatory alternatives. Defendants stated findings and reasons for enacting the Ordinance and including the moratorium are strikingly similar to the City's reasons in *Hignell-Stark*; i.e., in general, preventing nuisances, affordable housing, protecting neighborhoods, as well as parking, trash, and additional time to study the impact of non-owner STRs (though the ordinance was

passed by the Board some 9 months before the moratorium took effect). Even if there was a rational basis for these findings and reasons, which Plaintiffs argue there is not and that they do not rationally serve a *legitimate* local purpose, they can be adequately served by reasonable non-discriminatory alternatives. The County's findings and interests largely mirror those in *Hignell-Stark*. As in *Hignell-Stark*, where the court found that the homestead requirement was unconstitutional under the dormant Commerce Clause, because there were a myriad of non-discriminatory alternatives that would adequately serve the City's purpose, Defendants cannot prove that their stated reasons and findings could be served by other non-discriminatory alternatives either. Defendants could have also employed a myriad of alternatives such that there is no need to list them out in this Response. As the Fifth Circuit stated, "the City has many options to address its stated concerns about STRs, but it chose one the Constitution forbids." *Id.* at 329.  Plaintiffs have stated a claim that the Defendants' moratorium on granting Business Licenses to non-owner occupied STRs interferes with interstate commerce and violates the dormant Commerce Clause on its face, is invalid, and is unconstitutional. Defendants' Motion should be denied.

**V.** Treating the actual properties or dwellings that are rented as STRs as businesses where business activity occurs and regulating them as such is contrary to New Mexico law and constitutes unequal treatment of similarly situated residential properties in the County. Defendants consider this a "bold proposition" and point out that Plaintiffs cite no authority for it. Generally, a Complaint sets out the facts that support a plaintiff's claims, but does not generally argue the case with cited authority. Regardless, in response to Defendants' Motion, Plaintiffs did recite authority in their Amended Complaint.

Defendants cite the unreported case of *Tiller Design v. New Mexico Dept. of Taxation and Revenue,* a tax case focused on gross receipts tax, for the bold proposition that New Mexico law recognizes STRs as similar to hotels and other types lodging businesses and thus they can be taxed as such. Count IV of Plaintiffs' Amended Complaint is concerned with more than taxation, however but, more importantly, while not denying that STRs can be regulated lawfully, whether STRs can be treated and regulated as a business similar to a hotel under New Mexico law.

Plaintiffs find the reported New Mexico appellate case of *Estates at Desert Ridge Trails Homeowners' Association v. Vazquez*, 300 P.3d 736 (2013 N.M App.) more convincing and carrying more precedential weight than Defendant's unreported tax case. In *Estates*, the plaintiff/appellee HOA sought to enjoin the defendant from renting his home on a short term basis because, plaintiff argued, it violated the limiting language in the restrictive covenants that lots be used solely for "single-family residential purposes" and because of the HOA's rules and regulations barring certain business activities within the subdivision. *Id.* at 738.  The HOA argued that the use of the home as a short term rental was inconsistent with the "single-family residential purposes" limitation because the nature of the rentals makes them more akin to business or commercial uses such as a hotel or lodging house. *Id.* at 740.

The court stated that the HOA "does not argue that rentals in general are prohibited. Rather the HOA's argument necessarily depends on drawing a distinction between short-term and long-term rentals, which assumes that while the latter are a permissible residential use, the former, by the nature of their duration, are transformed into a business or commercial use." *Id.* at 740-741.  The court disagreed with the HOA's argument and the distinction between short term and long term rentals which the HOA implied, holding that "an economic benefit flowing to defendant from the rental of his home, whether long – or short term, does not by itself constitute

an impermissible business or commercial activity. While the owner may be receiving rental income, the use of the property is unquestionably residential. The fact that the owner receives rental income is not, in any way, inconsistent with the property being used as a residence." *Id.* at 742.  The court further held that renting a property for residential purposes, whether short term or long term does not constitute a business or commercial activity. Either way the property is rented to people who use it for sleeping, eating, and other common residential purposes. *Id.*  The owner of an STR, or several STRs, may be involved in an economic endeavor, but "the rental of a house or abode" to live in, "even for a short term is significantly different from using the property to conduct a business or commercial activity on the premises." *Id.* at 741.

The County's STR Ordinance was included within the Business Registration and Licensing Ordinance by amendment and regulates STRs through its application process for either a Business Registration or a Business License, depending upon if the rental is owner occupied or not. The amended ordinance subjects STR owners to inspections and investigations of the properties on which the "licensed activity" will take place, and may result in the applicant having to obtain a Development Permit subject to the provisions of the SLDC, and further opens the door to most of the egregious, illegal, unequal, discriminatory, and unconstitutional behavior of the County that Plaintiffs allege and describe. Treating and regulating STRs as a business where the "licensed activity" that is taking place is purely sleeping, cooking, eating … in other words, living; i.e. residential purposes, where no money is changing hands and no business or commercial activity is taking place, is contrary to the holdings made by the Court of Appeals of New Mexico in *Estates at Desert Ridge Trails Homeowners' Association v. Vazquez.* New Mexico law draws no distinction between a short or long term rental that is purely for residential purposes, but the County's STR Ordinance does just that and treats otherwise similarly situated

properties differently and unequally. The Plaintiffs have stated a claim asking the Court to declare that STRs have a residential use, as opposed to a business or commercial use and, therefore, cannot be treated, taxed, or regulated as a business because it is contrary to New Mexico law. Defendants' Motion should be denied.

**VI.** The Ordinance violates and has violated the Plaintiffs' and their guests Fourth Amendment rights to be secure in their houses, papers, and effects from unreasonable searches and seizures. As stated above, the "licensed activity" taking place in these dwellings is purely residential, but by inappropriately and unlawfully having to apply for a Business Registration or License, STR owners are subject to, as described in Plaintiffs' Amended Complaint and their respective affidavits attached thereto, surprise inspections without notice, enforcement officers trespassing on property without warrants when the owners are not at home, guests of the STR being harassed, frightened, and intimidated, aerial surveillance of their homes and properties. These inspections are made for purposes that are unrelated to the County's findings, reasons, and justifications for the STR Ordinance. They are made to find purported violations of the SLDC that other home based businesses in the County have not been subjected to, in order to force STR applicants into having to make expensive changes to their properties or disruptive variances in order to obtain a simple permit to rent their private property for residential purposes. These illegal inspections are used as a back door to harass STR owners through illegal applications of the SLDC.

Furthermore, the Ordinance's requirement that STR owners notify their neighbors that they have a license for an STR and to give out private information, such as phone numbers has resulted in harassment by neighbors, including threats, trespass, and destruction of property. Even with their listings on AirBnb, VBRO, etc. their personal contact information is not released

to guests until a few days in advance of their arrival. Guests communicate through a closed platform that does not allow outside of platform communications until after check in details are provided to the guest. Other home based business applicants in the County are not required to provide neighbors, who they may not know, like or have issues with their personal contact information. This requirement selectively targets STR owners, while other home based, or otherwise, businesses in the County are held to a different standard. The facts contained in Plaintiffs' Amended Complaint and affidavits attached thereto sufficiently make a claim for the violation of their Fourth Amendment rights. Defendants' Motion should be denied.

**VII.**    The Ordinance violates the Contracts Clause as many of the Plaintiffs, both non-owner and owner occupied, due to the uncertainties that were inherent in the application process, the implementation of the SLDC, and the confusing and arbitrary way that they were forced to navigate the process, had no choice but to cancel their contracts with their guests through 2024. Plaintiff Charles "Trey" Corkern, III is an example of this as described in his affidavit attached to Plaintiffs' Amended Complaint. The Plaintiffs have made a claim for violations of the Contracts Clause and Defendants' Motion should be denied.

**VIII.**    The Ordinance violates the First Amendment because its arbitrary occupancy limits violates the Plaintiffs' rights to free association and assembly. As described in the Amended Complaint and Plaintiffs' affidavits attached thereto, many of the Plaintiffs use their properties that they rent as STRs as vacation homes as well. Presumably, the Ordinance's arbitrary occupancy limits apply even in those times when Plaintiffs are occupying their properties. In these situations, how does the county determine who is in your home and when? How does a neighbor of a respective Plaintiff, determine whether Plaintiff is occupying his or her home and having a party or a wedding, or a family reunion or if the property is occupied by an STR guest?

If the occupancy limits do not apply when the owner is occupying the home, are they now required to inform all of their neighbors of their comings and goings, as well as all of their activities within their homes? If the occupancy limits do apply when a respective Plaintiff is occupying the home, then it violates that Plaintiff's First Amendment Rights. Much uncertainty exists as to whether and when the occupancy limits may apply and to whom. The Ordinance is, at the very least, unconstitutionally vague in that it is unclear whether a Plaintiff's First Amendment Rights might be violated, but the possibility is all too likely. Plaintiffs have stated a claim for the Ordinance having the likely affect of violating their First Amendment rights, though the Ordinance is unconstitutionally vague in its application. Defendant's Motion should be denied under both arguments.

**IX.** The Ordinance is not supported by a legitimate rational basis and Plaintiffs have made a claim for the Court to declare the STR Ordinance void as such. Defendants cite case law standing for the proposition that reasons such as parking, traffic, trash, affordable housing, neighborhood density and characteristics, unfamiliarity with local law, and similar type reasoning account for a legitimate rational basis for the regulation of STRs regardless whether the government authority knows these reasons to be true based on data, studies and whether or not the government authority believes it themselves.

Santa Fe County is large and primarily rural and, as stated in the Amended Complaint, STRs account for 1.1% of the dwellings in the County. There is no data, absolutely nothing to support how STRs negatively affect the concerns enumerated by the County and, considering the size of the County, its mostly rural make up, and the numbers of STRs in the County, most, if not all of them, don't make any sense. They are regurgitated findings and reasons to support a rational basis because they have worked before to support similar laws … in cities and

metropolitan areas where these types of concerns would make sense. They make very little sense in Santa Fe County.

As stated above, there is no data to support how STRs negatively affect the concerns enumerated by the County. There is, however, data and studies that show quite the opposite. As an example, and as discussed in Plaintiffs' Amended Complaint, the County's one attempt to collect data in its own study through its hired contractor does not even mention STRs as having a negative impact on affordable housing, one of the County's major justifications. In fact, the studies major culprit for having a negative effect on affordable housing is the SLDC. Can stated reasons, findings, and justifications be a rational basis for a governmental body that can pass laws having drastic effects on its citizens and residents if those reasons, findings, and justifications are illegitimate and untrue, and the elected and unelected officials who pass, enact, and enforce such laws cynically know they are illegitimate and untrue? Plaintiffs contend that a legislative body that can pass laws that can have drastic effects on its citizens is not permitted to pass unconstitutional, unlawful, and harmful laws and escape scrutiny from the courts by cynically inventing reasons, findings, concerns, intents, and purposes so that they will appear to have some superficial rational basis for implementing laws that infringe on the rights of its citizens; all the while hiding from those citizens, and the courts, its true irrational basis. Defendants Motion should be denied.

## CONCLUSION

Plaintiffs have pleaded facts sufficient to state a claim in Plaintiffs' Amended Complaint and the affidavits attached thereto. Plaintiffs' claims should therefor survive dismissal.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order denying Defendants' Motion to Dismiss for Failure to State a Claim.

Respectfully submitted,

DOMAS LAW, LLC

*/s/ Stephen M. Domas*
128 Grant Avenue, Suite 102
Santa Fe, New Mexico, 87501
Telephone: 504-220-3882
Email: sdomas@domaslaw.com

*Counsel for Plaintiffs*

 -and-

CHRISTOPHER M. GRIMMER,
ATTORNEY AT LAW, LLC

*/s/ Christopher M. Grimmer*
Christopher M. Grimmer
PO Box 31970
Santa Fe, New Mexico  87594-1970
Phone: (505) 660-4800
Email: chris@grimmerfirm.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 26, 2023, I filed the foregoing pleading electronically through the CM/ECF system, which caused all counsel of record to be served electronically, as more fully reflected on the Notice of Electronic Filing.

                                                       */s/ Stephen M. Domas*  
                                                       Stephen M. Domas